*Filed and Attested by the
Office of Judicial Records
21 APR 2021 11:03 am
A. SILIGRINI*

**STARK & STARK, P.C.**
BY:  Carin O'Donnell, Esquire
Attorney I.D. No. 84230
BY:  Ryan S. Kilmer, Esquire
Attorney I.D. No. 312379
777 Township Line Road, Suite 120
Yardley, PA 19067-5559
(267) 907-9600

THIS IS A MAJOR JURY TRIAL

*Attorneys for Plaintiff*

| | |
|---|---|
| JOY BATTLE<br>5617 N. Palethorpe Street<br>Apartment 2<br>Philadelphia, PA  19120<br><br>          v.<br><br>OLD NAVY, LLC<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA 17101<br>          and<br>OLD NAVY, LLC d/b/a OLD NAVY<br>4640  Roosevelt Blvd.<br>Philadelphia, PA 19124<br>          and<br>THE GAP, INC., Individually and<br>d/b/a The Gap Stores, Inc.<br>c/o CT Corporation System<br>600 N. 2nd Street, Suite 401<br>Harrisburg, PA  17101<br>          and<br>JANE DOE<br>c/o OLD NAVY<br>4640 Roosevelt Blvd.<br>Philadelphia, PA  19124 | COURT OF COMMON PLEAS<br><br>PHILADELPHIA COUNTY, PA<br><br>TERM, 2021<br><br>NO. |

### CIVIL ACTION COMPLAINT -NOTICE TO DEFEND
### 2O – OTHER PERSONAL INJURY

4817-9409-4562, v. 1

Case ID: 210401747

| **NOTICE** | **AVISO** |
|---|---|
| You have been sued in court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you. | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las páginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificación. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomará medidas y puede continuar la demanda en contra suya sin previo aviso o notificación. Además, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted. |
| YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP. | LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE ENGAGEMENT LETTER(S) DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL. |
| *Philadelphia Bar Association*<br>*Lawyer Referral and Information Service*<br>*1101 Market Street, 11th Floor*<br>*Philadelphia, PA   19107*<br>*(215) 238-6300* | *Asociacion de Liceneados de Filadelphia*<br>*Servicio de Referencia e Información Legal*<br>*1101 Market Street, 11th Floor*<br>*Filadelphia, PA   19107*<br>*(215) 238-6300* |

4817-9409-4562, v. 1

Case ID: 210401747

| | |
|---|---|
| **STARK & STARK, P.C.** | **THIS IS A MAJOR JURY TRIAL** |
| BY:   Carin O'Donnell, Esquire | |
| Attorney I.D. No. 84230 | |
| BY:   Ryan S. Kilmer, Esquire | |
| Attorney I.D. No. 312379 | |
| 777 Township Line Road, Suite 120 | |
| Yardley, PA 19067-5559 | |
| (267) 907-9600 | *Attorneys for Plaintiff* |

___

| | | |
|---|---|---|
| JOY BATTLE | : | COURT OF COMMON PLEAS |
| 5617 N. Palethorpe Street | : | |
| Apartment 2 | : | |
| Philadelphia, PA  19120 | : | PHILADELPHIA COUNTY, PA |
| | : | |
| v. | : | TERM, 2021 |
| | : | |
| OLD NAVY, LLC | : | |
| c/o CT Corporation System | : | NO. |
| 600 N. 2nd Street, Suite 401 | : | |
| Harrisburg, PA 17101 | : | |
|         and | : | |
| OLD NAVY, LLC d/b/a OLD NAVY | : | |
| 4640  Roosevelt Blvd. | : | |
| Philadelphia, PA 19124 | : | |
|         and | : | |
| THE GAP, INC., Individually and | : | |
| d/b/a The Gap Stores, Inc. | : | |
| c/o CT Corporation System | : | |
| 600 N. 2nd Street, Suite 401 | : | |
| Harrisburg, PA  17101 | : | |
|         and | : | |
| JANE DOE | : | |
| c/o OLD NAVY | : | |
| 4640 Roosevelt Blvd. | : | |
| Philadelphia, PA 17101 | : | |

___

# CIVIL ACTION COMPLAINT

1. Plaintiff, Joy Battle, is an adult individual who resides at 5617 N. Palethorpe Street, Apartment 2, Philadelphia, PA 19120.

2. Defendant, Old Navy, LLC, is a Delaware corporation or other business entity registered in the Commonwealth of Pennsylvania as a foreign limited liability company and duly authorized to do business in the Commonwealth of Pennsylvania, whose registered address is c/o C.T. Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

3. Defendant, Old Navy, LLC (hereinafter known as "Old Navy") is a Delaware corporation or other business entity registered in the Commonwealth of Pennsylvania as a foreign limited liability company and is duly authorized to do business in the Commonwealth of Pennsylvania doing business under the name of Old Navy with a commercial store located 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

4. Defendant, The Gap, Inc., is a Delaware Corporation or other business entity registered in the Commonwealth of Pennsylvania as a foreign corporation doing business under the assumed or fictitious name of The Gap Stores, Inc., and is duly authorized to do business in the Commonwealth of Pennsylvania with its registered address is c/o C.T. Corporation System, 600 N. 2nd Street, Suite 401, Harrisburg, PA 17101.

5. Defendant, The Gap, Inc., d/b/a The Gap Stores, Inc., (hereinafter collectively known as "The Gap") does business in the Commonwealth of Pennsylvania under the name of Old Navy and has a place of business located at 4640 Roosevelt Blvd.., Northeast Tower Center, Philadelphia, PA 19124.

6. Defendant, Jane Doe is an adult individual and at all times relevant hereto, was an employee, agent and/or servant of Defendant Old Navy, LLC d/b/a Old Navy and was employed at the Old Navy store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

7. At all times relevant hereto, Defendant Old Navy, LLC and The Gap, Inc., routinely and systematically conducts business within Philadelphia, Pennsylvania under the name of Old Navy.

8. Defendant Old Navy LLC d/b/a Old Navy owns, operates or maintains the Old Navy store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

9. Defendant, The Gap, Inc., d/b/a The Gap Stores, Inc., owns, operates or maintains the Old Navy store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

10. Venue is proper in Philadelphia County pursuant to Pa R.C.P. 2179 (a)(2) as well as Pa. R.C. P 1006(2)(c)(1).

11. At all times material to this Civil Action, Defendants acted or failed to act individually or through its agents, servants, workmen, and/or employees who were then and there acting within the course and scope of their employment with said Defendants and in furtherance of said Defendants' business.

12. Defendants Old Navy, own and operate itself, or in conjunction with another partnership, entity or corporation a commercial clothing store known as Old Navy located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

13. Defendants, The Gap, Inc., d/b/a The Gap Stores, Inc., own and operate itself, or in conjunction with another partnership, entity or corporation a commercial clothing store known as Old Navy located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

14. The Defendants had a duty to its business invitees that were shopping at the aforesaid store to keep them safe from harm while inside the store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

15. At all times relevant hereto, Defendant Jane Doe was an agent, employee or workmen of Defendants and working within the course and scope of her employment.

16. At this time the actual name of Jane Doe is unknown to Plaintiff after having conducted a reasonable search with due diligence.

17. The Jane Doe designation is fictitious.

18. Defendant Jane Doe was a light-skinned African American woman, approximately 150-160 lbs, 5'5-5'6 with shoulder length hair who was approximately 25-35 years old. She was working at the subject Old Navy at the time of the incident working at the middle cash register. On June 8, 2019 she was working as a cashier during the time of the incident which was approximately 1:00 p.m. to 4:00 p.m. in the afternoon.

19. Plaintiff's counsel conducted in a reasonable search to determine Defendant Jane Doe's actual name.

20. Defendant Jane Doe was an employee of the Defendant Old Navy at the time of the incident and therefore Defendant Old Navy possess Defendant Jane Doe's actual name.

21. Plaintiff's counsel contacted Defendant Old Navy, agent, adjuster, Harun Young, and requested the Defendant Jane Doe's actual name and the incident report for this action (which would have contained the Defendant Jane Doe's identity and in the possession of the Defendant). Plaintiff's counsel was advised that the Company policy of the Defendant Old Navy is not to share that information with Plaintiff's counsel prior to a lawsuit being filed.

22. At all times relevant hereto The Defendants had a duty of reasonable care owed to the Plaintiff to hire a competent, qualified, non-violent and stable employee.

23. Prior to hiring Defendant, Jane Doe, Defendants failed to adequately screen her to ensure that she would not pose a danger to any business invitee that visited the Old Navy store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

24. At all times relevant hereto, the Defendants had a duty of reasonable care owed to the Plaintiff to train its employees properly.

25. At all times relevant hereto, the Defendant had a duty to train its employees in how to interact with customers in a safe and respectful manner.

26. Defendants failed to train employee, Jane Doe, how to interact with customers in a safe and respectful manner.

27. Defendant, Jane Doe was a cashier whose position required her to interact with member of the public.

28. Defendants knew or should have known that Defendant, Jane Doe had a known history of violent propensities and demeanor as demonstrated by her getting into altercations with a business invitee of the store and becoming violent.

29. Defendants had a duty to supervise employee, Jane Doe while she was interacting with customers. Specifically, the Defendants had a duty to the Plaintiff to supervise employee, Jane Doe to insure the well-being of customers of the store.

30. Defendants failed to properly supervise employee, Jane Doe, when it failed to adequately discipline and reprimand her when she displayed violent propensities and demeanor toward customers of the store.

31. Defendants failed to adequately supervise Defendant Jane Doe when she was interacting with customers.

32. Defendants owed a duty to customers of its stores to not retain employees who could pose a danger to customers of the store.

33. The Defendants breached their duty to not retain employees who posed a danger to its customers when it failed to terminate employee, Jane Doe, who had known violent propensities and demeanor.

34. At all times material hereto, Plaintiff was a business invitee at the Old Navy store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

35. On or about June 8, 2019, at approximately 2:00 p.m., the Plaintiff, Joy Battle, was lawfully and properly shopping at the Old Navy store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

36. At the aforesaid time and place, Plaintiff, Joy Battle, was at the cash register to pay for her clothing when she encountered Defendant Jane Doe, the Defendant Old Navy's employee and cashier, who was in an extremely agitated mood.

37. At the foresaid time and place, Defendant Jane Doe engaged the Plaintiff in a verbal confrontation over an issue the Plaintiff had with the improper cost of a clothing item and Defendant, Jane Doe, said to the Plaintiff "we can do this right here," indicating that she wanted to physically engage in a fight with the Plaintiff.

38. At the aforesaid time and place, as Plaintiff was attempting to leave the premises, Defendant, Jane Doe, picked up a piece of metal shelving and threw it at the Plaintiff, striking her in the head causing Plaintiff to drop her purse and shopping bag, as well as injuries to the Plaintiff.

39. As a result of the aforesaid incident Plaintiff, Joy Battle, sustained serious and permanent personal injuries as more particularly described below.

40. At the aforesaid time and place, a security guard employed by Defendants failed to contact the store manager or call the police but did safely escort the Plaintiff out of the store.

41. Defendants, Old Navy and The Gap, knew or should have known that their employee, the Defendant Jane Doe, had a propensity for violence and created the risk of harm to Plaintiff and other business invitees shopping at the Old Navy store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124.

42. Defendants willfully, wantonly, and consciously disregarded Defendant Jane Doe's behavior as an employee, knowing she was a risk to customers of the store.

43.     Defendants willful, wanton and conscious acts in hiring and retaining Defendant, Jane Doe when they knew or should have known of her inappropriate interactions with customers of its store, is conduct that is outrageous as it was obvious that Defendant Jane Doe posed an unreasonable risk to customers of its stores such as the Plaintiff.

44.     Defendants, Old Navy and The Gap, knew or should have known of Defendant Jane Doe's violent propensities and demeanor and willfully and wantonly failed to act to remedy the dangers that were caused by the employment of Defendant Jane Doe in a conscious disregard of their business invitees' safety which constitutes a wanton disregard for others and human life such that their conduct would be outrageous to a person of reasonable and ordinary sensibilities.

45.     Defendants, Old Navy and The Gap, are vicariously liable for the negligent, outrageous, willful, and criminal conduct of Defendant Jane Doe, their employee, agent, ostensible agent or servant due to the fact that Defendant Jane Doe was acting in the course and scope of her employment with Defendants Old Navy and The Gap at the time of the aforesaid incident and Defendants Old Navy and The Gap should have taken measures to protect the Plaintiff and all of its business invitees from Defendant Jane Doe

**COUNT I**
**JOY BATTLE v. OLD NAVY LLC, OLD NAVY LLC d/b/a OLD NAVY,**
**THE GAP, INC., Individually and d/b/a THE GAP STORES, INC. AND JANE DOE**
**NEGLIGENCE, NEGLIGENT, GROSS NEGLIGENT AND**
**<u>RECKLESS SUPERVISION AND HIRING</u>**

46.     Plaintiff incorporates paragraphs 1 through 45 as though the same were fully set forth at length herein.

47. The aforesaid incident was caused by the negligence, carelessness, and recklessness, of the Defendants Old Navy, LLC, Old Navy, LLC d/b/a Old Navy, The Gap, Inc., d/b/a The Gap Stores, Inc., their agents, servants, workmen and/or employees, and JANE DOE, and consisted of the following:

a. creating a dangerous and unsafe environment for Plaintiff and the general public which they knew or should have known about;

b. knowingly maintaining an unsafe, unsuitable and dangerous environment for business invitees at the store located at 4640 Roosevelt Blvd., Philadelphia, PA

c. permitting the Defendant Jane Doe to remain employed by Defendants Old Navy despite knowing of her violent demeanor and propensities;

d. failing to monitor and/or supervise the actions of their employees, including Defendant Jane Doe;

e. failing to properly train its employees

f. failing to provide Defendant Jane Doe and other employees with mandatory training on interaction with the general public;

g. failing to provide and maintain a safe place for Plaintiff and its other business invitees to shop;

h. failing to provide adequate security and appropriate safety policies, procedures, and supervision in place at the Defendants' store located at 4640 Roosevelt Blvd., Northeast Tower Center, Philadelphia, PA 19124;

i. failing to exercise reasonable care in the selection and hiring of employees, agents, contractors and/or apparent agents;

j. Hiring improper persons;

k. Failing to properly and appropriately screen employees for violent propensities;

l.  failing to properly screen and/or interview prospective employees, agents, contractors and/or apparent agents;

m.  failing to create, adopt and/or enforce proper employee/agent screening policies and procedures;

n.  failing to properly train their employees, agents, contractors and/or apparent agents;

o.  failing to employ persons capable and competent to interact with the general public;

p.  failing to exercise due care under the circumstances by failing to adequately screen, monitor, and train their employees;

q.  failing to warn individuals such as Plaintiff, Joy Battle, of the existence of the dangerous environment at Defendants' store located at 4640 Roosevelt Blvd., Philadelphia, PA, which the Defendants knew or should have known existed;

r.  failing to take proper and adequate steps to remedy the dangerous environment at the Roosevelt Blvd. Old Navy Store;

s.  operating their business in a manner which created a foreseeable risk of harm without taking reasonable measures to protect the Plaintiff against the dangerous risk;

t.  failing to enact appropriate supervision policies;

u.  failing to properly supervise or monitor their agents, servants, workmen and/or employees;

v.  failing to control and/or provide a safe environment for business invitees such as Plaintiff, Joy Battle;

w.  failing to take into account the rights and safety of Plaintiff, Joy Battle

x.  breaching their duties under Restatement (Second) of Torts § 317, 321, and other provisions;

48. As a result of the aforesaid, Plaintiff, Joy Battle, sustained injuries to her head including a laceration to the left parietal area; headaches; concussion; post-concussional syndrome with exacerbation of pre-existing psychological condition; memory loss; vision changes; balance difficulties; and cardiac issues, as well as injuries to her cells, nerves, tissues, muscles and functions, together with a severe shock to her nerves and nervous system, some or all of which Plaintiff, Joy Battle, has been advised are or may be permanent in nature.

49. As a result of the accident aforesaid, Plaintiff, Joy Battle, has undergone great physical pain and mental anguish and she will continue to endure the same for an indefinite time in the future, to her great detriment and loss.

50. As a result of the accident aforesaid, Plaintiff, Joy Battle, has been compelled to expend large sums of money for medicine and medical care and attention in and about an effort to effect a cure of her aforesaid injuries, and she will be compelled to continue to expend such sums for the same purposes for an indefinite time in the future, to her great detriment and loss.

51. As a result of the accident aforesaid, Plaintiff, Joy Battle, has been unable to attend to her usual and daily duties and activities and she will be unable to attend to the same for an indefinite time in the future, to her great detriment and loss.

52. Plaintiff's harms and losses, as more specifically described above, were a direct and proximate result of the negligence, gross negligence and recklessness of defendants as described herein.

53. Because of the grossly negligent, wanton, reckless and outrageous conduct of Defendants the Plaintiff is entitled to punitive damages.

WHEREFORE, Plaintiff, Joy Battle, claims damages of the Defendants, Old Navy, LLC, Old Navy, LLC d/b/a Old Navy, The Gap, Inc., Individually and d/b/a The Gap Stores, Inc., and Jane Doe, jointly and

severally, for an amount in excess of Fifty Thousand ($50,000.00) Dollars plus interest and costs of prosecution and punitive damages.

                                                Respectfully submitted,

                                                **STARK & STARK, P.C.**

Dated:   4-20-21                    BY:   *Carin O'Donnell*
                                                         CARIN A. O'DONNELL, ESQUIRE
                                                          RYAN KILMER, ESQUIRE
                                                          *Attorneys for Plaintiff*

**VERIFICATION**

I, Joy Battle, verify that the statements made in the foregoing COMPLAINT are true and correct to the best of my knowledge, information, and belief.

I understand that false statements herein are made subject to the penalties of 18 Pa. C.S.A. §4904 relating to unsworn falsifications to authorities.

Dated: April 5, 2021

_____
JOY BATTLE